**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 27**

Docket No. DC-0752-15-1058-I-1

**Lawrence E. Mattison,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

July 15, 2016

Lawrence E. Mattison, Hampton, Virginia, pro se.

Timothy M. O'Boyle, Esquire, Hampton, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of an initial decision that sustained his indefinite suspension. For the following reasons, we DENY the appellant's petition for review and AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant held the position of Housekeeping Aid (Leader) at a Veterans Administration Medical Center in Hampton, Virginia. Initial Appeal File (IAF), Tab 5 at 10. During the first half of 2015, local police arrested him on charges of stalking and violation of a protective order. IAF, Tab 5 at 32, 36-41, Tab 18,

Subtab 11. The alleged victim was another agency employee. IAF, Tab 5 at 43-56.

¶3        In July 2015, the agency proposed the appellant's indefinite suspension, citing his arrest and stating that there was reasonable cause to believe that he might be guilty of a crime for which a sentence of imprisonment might be imposed. *Id*. at 32-35. After the appellant responded to the proposal, *id*. at 14-31, the deciding official upheld the indefinite suspension, *id*. at 11-13. Thereafter, the appellant filed the instant appeal, challenging his indefinite suspension.[1] IAF, Tab 1.

¶4        Based upon the written record, the administrative judge affirmed the appellant's indefinite suspension.[2] IAF, Tab 28, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, PFR File, Tab 3, and the appellant has replied, PFR File, Tab 4.

## ANALYSIS

¶5        To sustain an indefinite suspension, the agency must show: (1) it imposed the suspension for an authorized reason; (2) the suspension has an ascertainable end, i.e., a determinable condition subsequent that will bring the suspension to a conclusion; (3) the suspension bears a nexus to the efficiency of the service; and (4) the penalty is reasonable. *Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 9 (2011). One of the authorized circumstances for imposing an indefinite suspension is when the agency has reasonable cause to believe an employee has

---

[1] The agency removed the appellant in February 2016, and that matter has been addressed in a separate appeal. *See Mattison v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0350-I-1, IAF, Tab 12 at 10; *Mattison*, MSPB Docket No. DC-0752-16-0350-I-1, Initial Decision (Mar. 15, 2016).

[2] The appellant did not request a hearing. IAF, Tab 6 at 1, Tab 8 at 2.

committed a crime for which a sentence of imprisonment could be imposed, pending the outcome of the criminal proceeding or any subsequent agency action following the conclusion of the criminal process. *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010).

¶6        In his petition for review, the appellant does not present any substantive argument concerning the agency meeting the aforementioned burden.[3]  Instead, he reasserts several affirmative defenses.  PFR File, Tab 1 at 5-11.  As further discussed below, we find no merit to his arguments.

<u>The administrative judge properly denied the appellant's retaliation affirmative defense.</u>

¶7        The appellant first reasserts that his indefinite suspension was the result of improper retaliation for filing two appeals within the agency—an Information Security Office (ISO) appeal and a Freedom of Information Act (FOIA) appeal. PFR File, Tab 1 at 5-6, 10.  The ISO appeal was, in essence, an appeal filed with the agency's privacy office, in which the appellant alleged that a number of individuals had accessed his medical records without authorization.  IAF, Tab 18, Subtab 10; PFR File, Tab 1 at 5-6.  The FOIA appeal involved his request for information gathered by police for their investigation.  IAF, Tab 18, Subtab 13.

¶8        The appellant did not seek to remedy whistleblowing reprisal in his ISO or FOIA appeals.  IAF, Tab 18, Subtabs 10, 13.  Therefore, his affirmative defense of retaliation for these appeals arises under 5 U.S.C. § 2302(b)(9)(A)(ii).  *See*

---

[3] Although the appellant summarily asserted that the administrative judge erred in finding that the agency proved nexus, he failed to present any substantive argument in support of the claim.  PFR File, Tab 1 at 9.  Accordingly, we find no reason to revisit the administrative judge's well-reasoned findings on that issue or on any of her other unchallenged findings.  ID at 5-8; *see generally Pararas-Carayannis v. Department of Commerce*, 9 F.3d 955, 958 (Fed. Cir. 1993) (recognizing that an employee's use of Government property and time to carry out illegal acts was sufficient for the agency to lose trust in him and, therefore, to establish the requisite nexus for his indefinite suspension).

*Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013) (observing that, because an appellant's grievance did not concern remedying an alleged violation of 5 U.S.C. § 2302(b)(8), the Board lacked jurisdiction to consider her allegations of reprisal for her grievance in the context of an individual right of action appeal).  For an appellant to prevail on an affirmative defense of retaliation for activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii), if he does not allege reprisal for equal employment opportunity (EEO) activity protected under Title VII, he must show that:  (1) he engaged in protected activity; (2) the accused official knew of the activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *See Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986); *cf. Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 48-51 & n.12 (2015) (effectively limiting the *Warren* standard by recognizing a different standard in cases of alleged reprisal for engaging in Title VII EEO activity, even if such claims could be construed as a prohibited personnel practice under section 2302(b)(9)(A)(ii)); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-15 & n.7 (2015) (noting that the statutory changes of the Whistleblower Protection Enhancement Act of 2012 significantly narrowed the scope of cases to which the *Warren* standard applies).  To establish a genuine nexus, an appellant must show that the adverse action was taken because of his protected activity. *Smith v. Department of Transportation*, 106 M.S.P.R. 59, ¶ 63 (2007) (using this standard to analyze a pre-*Savage* EEO retaliation complaint); *see Warren*, 804 F.2d at 658.  This requires the Board to weigh the severity of the appellant's alleged misconduct against the intensity of the agency's motive to retaliate. *Smith*, 106 M.S.P.R. 59, ¶ 63.

¶9        The administrative judge found, inter alia, that the appellant failed to prove the genuine nexus element, and we agree.  ID at 9.  The appellant's alleged misconduct, being arrested for violating a protective order and stalking another

agency employee, is severe. IAF, Tab 5 at 32, 36-56; *e.g.*, *Lentine v. Department of the Treasury*, 94 M.S.P.R. 676, ¶¶ 2, 12, 15 (2003) (finding removal was a reasonable penalty for intentional, repeated, and unwelcome contact with another agency employee). By comparison, there is little reason to believe that the agency had an intense motive to retaliate for the appellant's ISO or FOIA appeals. IAF, Tab 18, Subtabs 10, 13. It appears that the ISO appeal resulted in an acknowledgment that two individuals with the agency's Police Service accessed the appellant's health records without the authority to do so. *Id*., Subtab 10 at 5. Yet there is nothing else in the record to suggest, for example, that either appeal cast other agency officials or the agency as a whole in a particularly negative light. *Id*. The appellant correctly notes that he filed his ISO and FOIA appeals just a few months before the agency indefinitely suspended him. PFR File, Tab 1 at 6. Nevertheless, we agree with the administrative judge's conclusion that, despite the short time period, the record does not support a finding of genuine nexus. ID at 9; *see Warren*, 804 F.2d at 658; *Smith*, 106 M.S.P.R. 59, ¶ 63. Accordingly, we find that the appellant failed to prove his retaliation affirmative defense.

The appellant failed to establish a violation of 5 U.S.C. § 2302(b)(2).

¶10        The appellant next argues that the agency violated 5 U.S.C. § 2302(b)(2) when the deciding official considered a portion of the proposing official's analysis of two *Douglas* factors: (1) the effect of the offense upon the appellant's ability to perform at a satisfactory level and its effect upon his supervisor's confidence in the appellant's ability to perform his assigned duties; and (2) the notoriety of the offense or its impact upon the agency's reputation. PFR File, Tab 1 at 7 (referencing IAF, Tab 5 at 34-35); *see generally Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors that are relevant to determining the appropriate penalty). It is unclear whether the appellant is reasserting an argument he made below or presenting an altogether new argument. *Compare* IAF, Tab 18 at 10, *with* PFR File, Tab 1 at 7;

*see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (recognizing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Nevertheless, we have considered the argument and find it unavailing. *See, e.g.*, *Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (observing that parties without legal representation are not required to plead issues with precision), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).

¶11    Section 2302(b)(2) prohibits agency officials from soliciting statements from individuals about a person under consideration for a personnel action unless the statement is based on personal knowledge or the records of the person providing it and concerns matters such as the performance, qualifications, character, or suitability of the individual at issue.  However, as our reviewing court has explained, section 2302(b)(2) "relates to statements or recommendations by outsiders, like senators or congressmen; the legislative objective was to forestall political or partisan interference in personnel actions." *Depte v. United States*, 715 F.2d 1481, 1484 (Fed. Cir. 1983), *overruled on other grounds by Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 n.4 (Fed. Cir. 1999).  As a result, the appellant's reliance upon section 2302(b)(2) is misplaced.  Despite his conclusory assertion that the proposing official had no factual information to support his analysis of two *Douglas* factors, PFR File, Tab 1 at 7, his allegations do not support a prohibited personnel practice claim under section 2302(b)(2).  The proposing official was not an outsider; he was an agency manager.  IAF, Tab 5 at 32-35.  Accordingly, we find that the appellant failed to establish a violation of 5 U.S.C. § 2302(b)(2).

The administrative judge properly denied the appellant's due process affirmative defense.

¶12    The appellant next argues that the agency violated his due process rights. PFR File, Tab 1 at 7.  Specifically, he alleges that "the agency's actions in

establishing a criminal charge, the lack of agency's candor in reference to [its] evidence by not discussing what was known to the agency as 'new evidence' and by not discussing the false information in the Douglas factor report or not by discussing any evidence at all was a due process violation." *Id.* (capitalization corrected) (referencing IAF, Tab 18 at 11-18). We find no merit to his argument.

¶13     The essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, an explanation of the evidence, and an opportunity for him to present his account of events. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Although the appellant has invoked his due process rights, he has failed to adequately explain how they were violated. The record shows that the agency provided the appellant with notice of the charges underlying his indefinite suspension, an explanation, access to the evidence the deciding official would consider, and an opportunity to respond. *E.g.*, IAF, Tab 5 at 32-35. Accordingly, we find that the administrative judge properly denied the appellant's due process claim. ID at 10-11.

The administrative judge properly denied the appellant's harmful error affirmative defense.

¶14     Finally, the appellant reasserts that the agency committed harmful error. PFR File, Tab 1 at 7-11. The Board will not sustain an agency's decision if an appellant proves the affirmative defense of harmful error in the agency's application of its procedures in arriving at such decision. *Doe v. Department of Justice*, 123 M.S.P.R. 90, ¶ 7 (2015). Harmful error cannot be presumed; an agency's error is harmful only where the record shows that a procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*

¶15     According to the appellant, the agency committed harmful error by leaving him in an administrative leave status for a few months before imposing his indefinite suspension. PFR File, Tab 1 at 9-10; IAF, Tab 18 at 7. He also asserts that the agency committed harmful error by imposing the indefinite suspension

immediately after his period of administrative leave, without any day in between. PFR File, Tab 1 at 8, 10-11. In making these assertions, the appellant suggests that his period of administrative leave was, in essence, a paid suspension. *Id.* at 9-11. However, while a period of forced sick leave, annual leave, or leave without pay may amount to a suspension, paid administrative leave is not an adverse action appealable to the Board.[4] *LaMell v. Armed Forces Retirement Home*, 104 M.S.P.R. 413, ¶¶ 7, 9 (2007); *see Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014) (clarifying that placement of an employee on enforced leave for more than 14 days constitutes an appealable, nonconstructive suspension). In addition, the appellant has not identified any rule or procedure forbidding the agency's use of administrative leave, nor has he shown that the agency's actions caused him harm.

¶16    In addition, the appellant cites 5 C.F.R. § 752.404(d) as limiting any period of nonduty status to 10 days. PFR File, Tab 1 at 9. However, this regulation permits an agency to shorten the statutory 30-day notice period for proposed adverse actions in cases such as this, in which an agency has reasonable cause to believe an employee has committed a crime for which imprisonment may be imposed. 5 C.F.R. § 752.404(d)(1). It does not impose a 10-day maximum for nonduty status. Therefore, we agree with the administrative judge's conclusion that the appellant failed to prove any harmful error. ID at 10.

---

[4] To the extent that the appellant intended to present this argument as a "not in accordance with law" defense, his claim similarly fails. PFR File, Tab 1 at 11; 5 U.S.C. § 7701(c)(2)(C); *see generally Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 684 (1991) (recognizing that when an agency has no legal authority for taking an action, that action is not in accordance with law and must be reversed). Despite his suggestions to the contrary, the appellant's period of administrative leave was not an adverse action, and it did not preclude his indefinite suspension. *See generally Frederick v. Department of Homeland Security*, 122 M.S.P.R. 401, ¶ 6 (2015) (recognizing that an agency may not discipline an employee twice for the same misconduct).

ORDER

¶17     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.